|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| ROSENDO RODRIGUEZ-MELENDEZ,<br><br>Plaintiff,<br><br>v.<br><br>LUIS FORTUÑO-BURSET; GUILLERMO SOMOZA-COLOMBANI; CARLOS M. MOLINA-RODRIGUEZ; AND GLORIA E. MARTINEZ,<br><br>Defendants. | Civil No. 10-2044 (JAF) |

**OPINION AND ORDER**

Plaintiff Rosendo Rodríguez-Meléndez brings suit under 42 U.S.C. § 1983, challenging as unconstitutional the conditions of his confinement at eight correctional facilities in the Commonwealth of Puerto Rico. (Docket No. 4.) Plaintiff seeks injunctive relief and damages from Defendants, Governor Luis Fortuño-Burset; Secretary of Justice Guillermo Somoza-Colombani; Secretary of Correction and Rehabilitation Carlos M. Molina-Rodríguez; and President of the Junta de Libertad Bajo Palabra Gloria E. Martínez. (Docket No. 4.) Defendants move to dismiss. (Docket No. 11.)

**I.**

**Factual and Procedural Summary**

Plaintiff was an inmate at the Guayama Correctional Facility in Guayama, Puerto Rico, when, on October 17, 2010, he filed a complaint under 42 U.S.C. § 1983 alleging that the

Civil No. 10-2044 (JAF)                                                                                                  -2-

Governor appointed officials incapable of running the prison system properly. (Docket No. 4.) Plaintiff claims he had been housed in eight prisons throughout Puerto Rico. He includes in his complaint a survey grading the services of each prison on a scale of "excellent" to "deficient;" on the basis of these grades, he requests a review of the prison system and money damages. (Docket No. 4.) On November 16, 2010, Plaintiff, proceeding pro se, attempted to join 179 inmates as plaintiffs to the complaint. (Docket No. 8.) He then filed a series of informative motions, which we recharacterize as supplemental pleadings under Federal Rule of Civil Procedure 15(d), alleging that the conditions in his new cell were unconstitutional, prison officials denied him library access, and the administration failed to provide enough stamps to send all of his mail. (Docket Nos. 12; 14; 15; 16; 20; 23.) Defendants filed a motion to dismiss on December 29, 2010. (Docket No. 11.) Plaintiff filed a response in opposition to the motion to dismiss on March 7, 2011. (Docket No. 17.) Plaintiff has since been released from prison. (Docket No. 22.)

## II.

## **Standard for Dismissal Under Rule 12(b)(6)**

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559

(2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal quotation marks omitted). An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice to demonstrate a plausible entitlement to relief. See Sanchez v. Pereira-Castillo, 590 F.3d 31, 37 (1st Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

### III.

### Analysis

Because Plaintiff appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson, 551 U.S. at 94. Nevertheless, Plaintiff's pro-se status does not excuse him from complying with procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Defendants raise five arguments for dismissal: (1) standing; (2) failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a); (3) sovereign immunity under the Eleventh Amendment; (4) failure to state a claim under 42 U.S.C. § 1983; and (5) failure to allege a physical injury. (Docket No. 11.) We will proceed to discuss the arguments in turn.

**A.   Standing**

Defendants submit that Plaintiff is proceeding pro se and, therefore, is barred from filing this action on behalf of fellow prisoners. "In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. This statute has been interpreted as prohibiting a pro-se plaintiff from representing anyone other than himself. See O'Diah v. Volkswagen of Am., Inc., 91 Fed. App'x 159, 160 (1st Cir. 2004) (holding that non-lawyer father could not represent his son); Herrera-Venegas v. Sánchez-Rivera, 681 F.2d 41,

42 (1st Cir. 1982) (holding that non-lawyer prisoner could not be appointed "Paralegal Counsel" for two prisoners appealing dismissal of their civil rights suit).  In the instant case, Plaintiff is not a lawyer; thus, he is barred from bringing this cause of action on behalf of the other prisoners.

Additionally, Plaintiff's claims for injunctive relief are moot.  Plaintiff petitions the court to order the Puerto Rico prisons to create a survey to assess prison conditions, to provide outside counsel to prisoners, to grant him access to the prison library, to order his mail to be delivered, to improve the conditions of his cell, and to generally improve the substandard living conditions in prisons.  (Docket Nos. 4; 6; 17.)  "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—'a likelihood of substantial and immediate irreparable harm.'"  City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 502 (1974)).  Equitable remedies are not available once a prisoner has been released from prison because he is no longer subject to the alleged unlawful conditions.  See, e.g., Pentlarge v. Murphy, 541 F. Supp. 2d 421, 428.  (D. Mass. 2008) (citing Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)).  Plaintiff was released from prison on March 31, 2011.  (Docket No. 22.)  Since he has been released and is no longer subject to the allegedly-deficient conditions of confinement, Plaintiff's requests for equitable relief are moot.

**B.     Failure to Exhaust Administrative Remedies**

As a defense, Defendants raise Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  Before a prisoner[1]

---

[1] While the First Circuit is silent on the issue, courts in other jurisdictions have found that the PLRA's definition of "prisoner" extends to those who began their action while in prison and have since been released.  See Cox v. Mayer, 332 F.3d 422, 424–28 (6th Cir. 2010); Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002); Dixon v. Page, 291 F.3d 485, 488–89 (7th Cir. 2002).

may bring suit in federal court challenging the conditions of his confinement, he must first exhaust all administrative remedies available to him. § 1997e(a). The failure to exhaust administrative remedies is an affirmative defense that "must be raised and proved by the defense." Cruz-Berrios v. Gonzalez-Rosario, 630 F. 3d 7, 11 (1st Cir. 2010) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

Defendants claim that Plaintiff does not allege that he requested reconsideration of the denial of his grievance or review to the Court of Appeals. (Docket No. 11 at 13.) However, failure to exhaust is an affirmative defense and, as such, Plaintiff has no responsibility to plead exhaustion. Defendants must provide some evidence of the failure to exhaust to establish this defense. See Cruz-Berrios, 630 F.3d at 11. They have not done so. Therefore, there is insufficient evidence to dismiss the damages claims for failure to exhaust administrative remedies.

**C.     Eleventh Amendment**

Defendants claim they are protected by the Eleventh Amendment because it bars suits against the Commonwealth of Puerto Rico, its agencies, and government officials acting in their official capacities. However, it is not stated in the complaint whether the Defendants are being sued in their individual or official capacities. (Docket No. 4.) The First Circuit has adopted a course-of-the-proceedings test to determine whether a plaintiff has brought an individual or official capacity suit against a government official. See Powell v. Alexander, 391 F.3d 1, 22 (1st Cir. 2004). The purpose is to strike a fair balance between a defendant's right to have notice of liability and a plaintiff's need for flexibility in developing a case. Id. at 22. The court should evaluate "the substance of the pleadings and the course of proceedings in order to determine whether the suit is for individual or personal liability". Id. (quoting Pride v. Does, 997 F. 2d

712, 715 (10th Cir. 1993)).  Since Plaintiff is proceeding pro se, we liberally construe his complaint to have been brought against Defendants in both their individual and official capacities.

The text of the Eleventh Amendment immunizes states from federal lawsuits by citizens of foreign states.  U.S. Const. amend. XI.  The Supreme Court has held that principles of sovereign dignity, inherent in the Constitution itself, extend states' immunity beyond the textual boundaries of the Eleventh Amendment to include immunity from suits by a state's own citizens. Alden v. Maine, 527 U.S. 706, 727–29 (1999).  Puerto Rico is considered a state for purposes of Eleventh Amendment analysis.  Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006). Consistent with Supreme Court precedent, the First Circuit has held that suits against officials in their official capacities are barred by the Eleventh Amendment.  Fred v. Aponte Roque, 916 F.2d 37, 39 (1st Cir. 1990) (citing Will v. Mich. Dep't of Corr., 491 U.S. 58, 68–71 (1989)).  As such, all claims for damages against Defendants in their official capacities are dismissed.  All claims for damages against Defendants in their individual capacities may proceed.

### D.     Failure to State a Claim Under 42 U.S.C. § 1983

Plaintiff seeks relief on the basis of unconstitutional prison conditions, inability to participate in a rehabilitation program, denial of access to the law library, and the jail's failure to deliver his mail.  An action may be brought under § 1983 only when a plaintiff claims a violation of a right secured by a federal law or the constitution.  Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989).  Defendants argue that Plaintiff's allegations of unconstitutional prison conditions described in the survey and of denial of participation in a rehabilitation program were inadequate to state a claim for relief.  (Docket No. 11.)  We will discuss each of Plaintiff's claims in turn.

Civil No. 10-2044 (JAF)                                                                                                                    -7-

### 1.    Prison Conditions Report Card

Plaintiff's complaint contains an informal grading of the prisons' performance in providing for the various needs of inmates. (Docket No. 4.) The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Eighth Amendment inquiries are "contextual and responsive to 'contemporary standards of decency'" Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). It is necessary to show conditions that are "extreme deprivations" to make out a conditions-of-confinement claim. Id. Prison conditions that are "restrictive and even harsh" do not rise to the level of constitutional violations and are part of the "penalty" paid by criminals. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Furthermore, the defendant must have acted with deliberate indifference in creating the poor prison conditions. Wilson v. Seiter, 501 U.S. 294, 303 (1991).

Plaintiff's survey falls short of establishing violations of the Eighth Amendment. The survey he created provides no details about the conditions in the jails other than to categorize them as "(1) excellent; (2) good; (3) average; (4) or deficient." (Docket No. 4.) This does not provide any specific facts about how the conditions may be deficient and unconstitutional. For this reason, the claim is dismissed.

### 2.    Rehabilitation Program

For a denial of medical treatment to rise to an infringement of constitutional rights, it must demonstrate acts or omissions causing injury and a deliberate indifference to serious medical needs. Fiallo v. De Batista, 666 F.2d 729, 731 (1st Cir. 1981) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Courts have applied the analysis used in denial-of-medical-treatment cases to claims pertaining to access to drug rehabilitation. See id. (holding the right to receive drug addiction treatment is most similar to the Eighth Amendment right to not be denied medical

treatment); see also Newman v. Alabama, 559 F.2d 283, 291(5th Cir. 1977) (citing authority stating failure to provide rehabilitation programs by itself does not usually constitute cruel and unusual punishment).  Plaintiff does not present facts alleging that his lack of access to a rehabilitation program has caused him harm, but merely offers conclusory statements that denial of his participation was illegal. (Docket No. 4.) Plaintiff also fails to allege that Defendants acted with deliberate indifference by denying him participation in a rehabilitation program.

### E. Failure to Allege Physical Injury

The PLRA stipulates that prisoners may not bring suits for mental or emotional injuries suffered while incarcerated without first establishing physical injury. 42 U.S.C. § 1997e(e). In order to recover for mental or emotional injuries, "the physical injury need not be substantial, but must be more than de minimis." Quiñones-Pagán v. Administración de Corrección, No. 08-2199, 2009 WL 2058668 at *5 (D.P.R. July 10, 2009) (citing Mitchell v. Horn, 318 F.3d 523, 534 (3d Cir. 2003)).  Plaintiff does not allege a physical injury in any of his pleadings so his claims to recover for mental and emotional injuries must fail.  However, regardless of whether or not physical injury is alleged, Plaintiff's constitutional claims for nominal and punitive damages under § 1983 can proceed. Kuperman v. Wrenn, No.10-2083, 2011 WL 2714101, at *2 (1st Cir. July 14, 2011) (citing Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004)). As such, Plaintiff's damages claims for violations of his Eighth Amendment rights can continue to the extent they are for nominal and punitive damages.  The issue of whether compensatory damages are available for constitutional violations is less certain. See id. n.5 (noting some courts have found that the PLRA prohibits compensatory damages for violations of constitutional rights, but refraining from deciding the issue). For this reason, we will reserve judgment on the availability of compensatory damages in this case.

Civil No. 10-2044 (JAF)                                                                                                          -9-

**F.      Additional Claims**

Plaintiff supplemented his complaint with other claims contained in his informative motions that pertain to the conditions of his confinement. Plaintiff alleges that his cell has no table, has poor lighting, and the dimensions of his cell do not conform to a consent order issued by a federal district court.[2] (Docket No. 17.) Defendants have never responded to these claims and so we allow them to proceed.

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT** in part and **DENY** in part Defendants' motion to dismiss (Docket No. 11). We hereby **DISMISS** Plaintiff's claims for injunctive relief and damages against Defendants in their official capacities. We hereby **DISMISS** Plaintiff's Eighth Amendment claims relating to his survey and denial of participation in a rehabilitation program. Finally, we **DISMISS** claims for mental and emotional damages. Plaintiff's claims that his cell has no table, inadequate lighting, and dimensions in violation of a prior court order may proceed for damages against Defendants in their personal capacities.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 8th day of August, 2011.

                                                                          s/José Antonio Fusté
                                                                          JOSE ANTONIO FUSTE
                                                                          U.S. District Judge

---

[2] Some authority exists for the proposition that inadequate lighting may constitute a constitutional deprivation. See Antonelli v. Sheahan, 81 F.3d 1422, 1433 (7th Cir. 1996). As to the size of the cell, Plaintiff is correct that there is a consent order stipulating that all cells containing one inmate must be at least fifty-five square feet and all cells containing two inmates must be at least seventy square feet. Feliciano v. Hernandez-Colón, 697 F. Supp. 26, 29–31 (D.P.R. 1987).